(392) This is an action of account brought by the plaintiffs, alleging that the defendants were tenants in common with them of a certain tract of land which had descended to them from a common ancestor, and received more than their proper share of the rents and profits, for which they had refused to account.
The proof was that Alexander McPherson died more than twenty years ago, leaving his widow and eight children, all of whom had gone off and left their parents, except the three daughters, who, with their mother, remained on the land until 1836, when the defendant Alexander purchased a place of his own and moved off, leaving his sisters still there.
It appeared that in 1841 Mrs. McPherson died; that in 18.. Mrs. Rhodes, formerly Margaret McPherson, died, leaving a *Page 285 
husband and several children surviving her; that in the year 1838 Hugh, one of the brothers, died intestate and without issue or ever having been married; that in the year 1839 Neill, one of the brothers, released all that interest in the land which he had acquired by descent from his father, to his two sisters, the defendants, and that by a deed without date, and it did not appear when made, he released his interest as heir at law of his deceased brother Hugh to one of the plaintiffs; that in 1831 Martin McPherson released his interest as heir at law of his father, to his sisters, the defendants, but it did not appear that he had ever released his right as heir at law of his deceased brother Hugh. It also appeared that Rhodes, the husband of Margaret, died in 1848, pending this action, and that his administrator was made a party plaintiff in his stead.
The defendants denied that they were the tenants in common of the plaintiffs, or that they were their bailiffs; and also pleaded and relied on the statute of limitations. They further objected to the plaintiffs' recovery, upon the ground that, although one tenant in common may maintain an action of account for his separate share against any one or more tenants in (393) common who jointly receive more than his or their share of the rents and profits of the common property, yet he cannot bring a joint action against several cotenants who, without any concert, each takes more than his share of the common profits. Again, the several tenants in common cannot join in a common action against several other tenants in common, without some contract whereon to have such an action. And, again, that if several tenants in common may join in an action against several others, who occupy the property, all the tenants in common, out of possession, must join in such action against those in possession, and that, in this case, Martin McPherson, who has clearly not parted with his interest as heir of his brother Hugh, and Neill, who had not been proven to have parted with his interest before the bringing of this action, were not parties. It was further objected that the mere perception of the products of the land, not turned into money by sales, by one tenant in common, would not enable his cotenant to maintain the action against him. It was further objected that Rhodes and his administrator were not the proper parties in this action. It was further objected that no demand had been made before bringing the action.
His Honor charged that if the defendants, or any of them, had received more than their share of the profits of the land, either in money or fruits of the earth or otherwise, within three years before the bringing of this action, the plaintiffs were entitled *Page 286 
to their verdict; that merely living and breathing on the land would not subject the defendants to account, if they did not exclude the plaintiffs from a like enjoyment, nor would the use of no more than their proportionate share of the land in any way subject them. But if they used more than their own share of the land, and derived anything from such use, they would be liable.
(394) The plaintiffs' counsel then asked the court to charge the jury that if one of the defendants was seen bringing wood from the land to market apparently to sell, and the jury believed it was so sold, the defendants would be liable. His Honor declined so charging, but said, unless it appeared that the defendants or one of them had received more than his own share, the action would not lie.
A verdict being rendered generally for the defendants and judgment rendered thereon, the plaintiffs appealed.
The judge in the court below was of opinion that in the action of account against the defendants, who were tenants in common with the plaintiffs, and were sued as bailiffs under the statute for using more than their just share, in proportion, of the profits, it was necessary for the plaintiffs to prove to the satisfaction of the jury, not only that the defendants were tenants in common with the plaintiffs, and (401) had been in the pernancy of the profits, but that they had received more than their just share or proportion. To this the plaintiffs excepted. We think there is error.
The action of account is peculiar, for in it there are two judgments: in the first place, there is judgment that the plaintiff and defendant account together, and, in the second place, that the plaintiff or defendant recover the balance found to be due.
The first judgment, like an order of reference to the clerk to take an account in equity, merely decides that the plaintiff is entitled to an account; it can only be barred by proof that the defendant had already accounted, or by denial, uncontradicted by proof on the part of the plaintiff, of the existence of any such relation between the parties as gives the plaintiff a right to call for an account.
To require, as a preliminary question before the first judgment is given, that the plaintiff should prove to the jury that the defendants have received more than a just share of the *Page 287 
profits, is totally inconsistent with the nature of the action, for three reasons: 1. It will require the plaintiff to prove to the jury the very thing that is to be decided by the auditor, and leaves nothing for him to do. 2. It will require the jury to investigate and decide matters of account, which the mode of proceeding in this action presupposes a jury is incapable of doing. 3. It will deprive the parties of the right given by the statute of an examination on oath touching the matters in question.
Every tenant in common who has been in the enjoyment of the property is liable to account, but no recovery can be had against him unless, upon taking the account, it is shown that he has received more than his just share. The mode of enjoyment is not material. It makes no difference whether he uses it merely for shelter and as a means of supporting himself and family, or makes money by selling the products, or (402) receives money as rent; in either case he is bound to come to an account with his fellows, and can only avoid it by averring and proving that he has already accounted.
The defendants' counsel earnestly contended that it was a hardship to be subjected to a judgment to account, without proof in the first instance
that more than a just share had been received, and that no tenant is safe in taking possession if, by doing so, he subjects himself to the trouble and expense of an account. We are unable to perceive the force of the argument. If a bill is filed against an executor, or an agent, or a tenant in common, who has been in the perception of the profits it would be strange if the plaintiff was required, in the first instance, to prove that the defendant is in arrear. That is the very question to be settled by taking the account, and if the plaintiff fails to establish it before the master, he pays the costs of the suit.
We think, therefore, there is error in the part of the charge excepted to by the plaintiffs, but it is apparent from the case that they have not been prejudiced by the error. The part of the charge excepted to is a restriction or qualification of a general proposition that the plaintiffs were entitled to recover. There is manifest error in this general proposition in favor of the plaintiffs, and of course an error in the restriction or qualification of an erroneous proposition would work no prejudice. The charge ought to have been that the plaintiffs were not
entitled to recover; this would have cut off the question raised by the exception.
The action is fatally defective, by means of a misjoinder, both of plaintiffs and defendants. The plaintiffs declare, not upon an express understanding with them jointly, but upon *Page 288 
the implied understanding raised by the statute. Now, the interest of tenants in common is several, and of course (403) this implied understanding with them must also be several; so their right of action is not joint, and there are too many plaintiffs, which is a fatal variance. In regard to the defendants, there is no proof that they received the profits jointly as partners. Each received portions of the profits severally, and therefore they cannot be sued jointly, for in that case each would be bound for the whole judgment, and if the defendant, who had received the greatest share, happened to be insolvent, the burthen would fall on the others. The principle is the same as that applicable to cosureties. If one of them pays the debt he cannot, at law, sue the other two jointly, for each is only liable for his aliquot part, and to allow a joint suit would be to subject one to the whole recovery, although his fellow may be insolvent. Powell v.Mathis, 26 N.C. 83. It was ingeniously argued for the plaintiffs that there was no plea under which advantage could be taken of the defect of parties, and he cited a passage, 1 Chitty, 14, where it is said, "a variance, in respect to parties, can only be a ground of nonsuit, under the plea of non est factum, in debt, on specialty and covenant, and the general issue in all other actions." It is clear, Chitty has no reference to the action of account, which he considers obsolete, and therefore does not treat of it — and in which, like covenant, there is, properly speaking, no general issue. As in the latter the variance may be taken advantage of under non est factum, so in the former it may be done under the plea that the defendants are not the bailiffs of the plaintiffs in the manner alleged in the declaration. Both of these pleas deny the relation between the parties as alleged, and if, upon the trial, there is a variance between the allegata and the probata, it is ground of nonsuit; if the plaintiffs will not submit to a nonsuit, the court must instruct the jury to find for the defendants.
PER CURIAM. Judgment affirmed.
Cited: Roberts v. Roberts, 55 N.C. 131. *Page 289 
(404)